UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM FIRE AND
CASUALTY CO.,

      Plaintiff,

                                 Case No. 20-cv-10062

v.                                Honorable Linda V. Parker


KELLY SKARL, LAKE 2 LAKE
TRANSPORT, INC., REBECCA SKARL,
AND WILLIAM GRAHAM,

      Defendants.

_____/

## AMENDED OPINION & ORDER (1) DENYING MOTION TO SET ASIDE DEFAULTS; (2) DENYING MOTION TO DECLINE EXERCISE OF JURISDICTION; AND (3) GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS KELLY SKARL, LAKE 2 LAKE TRANSPORT, INC., AND REBECCA SKARL (ECF NO. 11)

Plaintiff State Farm Fire & Casualty Company ("State Farm Casualty") brought this action against Defendants, seeking a declaration regarding whether State Farm Casualty is obligated to defend or indemnify Defendants Kelly Skarl, Lake 2 Lake Transport, and/or Rebeca Skarl in an action brought against them in state court by Defendant William Graham. (ECF No. 1; ECF No. 15 at Pg. ID 345.)

The underlying lawsuit filed in Wayne County Circuit Court arises out of an accident that occurred when Graham, while a trainee of Kelly Skarl and Lake 2

Lake Transport, was hit by a pallet of tire rims that shifted during transport.  (ECF No. 13 at Pg. ID 251.)  State Farm Casualty insures Kelly Skarl and Rebecca Skarl under two homeowner's policies and a personal liability umbrella policy, and insures Kelly Skarl and Lake 2 Lake under a businessowner's policy, while State Farm Mutual Automobile Insurance Company ("State Farm Automobile") insures Kelly Skarl under an automobile policy.  (*Id*. at Pg. ID 253.)  The parties do not dispute that State Farm Casualty is a wholly separate entity from State Farm Automobile.  The parties also do not dispute that State Farm Casualty did not issue the automobile policy.

In its Complaint, State Farm Casualty alleges that jurisdiction is proper in this Court pursuant to the Declaratory Judgment Act (ECF No. 1 at Pg. ID 2 (citing 28 U.S.C. § 2201(a))), and "seek[s] a determination as to whether it has to defend or indemnify [Kelly] Skarl or Lake 2 Lake under the subject Businessowners policy, the two Homeowners policies, and the Umbrella policy" considering a number of exclusions that State Farm Casualty argues apply (ECF No. 16 at Pg. ID 375).  Defendants Kelly Skarl, Lake 2 Lake Transport, and Rebeca Skarl have failed to answer or otherwise respond to State Farm Casualty's Complaint.  Plaintiff filed a request for a clerk's entry of default as to these three co-defendants on March 3, 2020, which was entered on March 9.  (ECF Nos. 7, 8, 9, 10.)  Subsequently, State Farm Casualty filed a Motion for Entry of Default Judgment

Against Defendants Kelly Skarl, Lake 2 Lake Transport, and/or Rebeca Skarl. (ECF No. 11.)  Defendant Graham filed an "Answer and Opposition to Plaintiff's Motion for Entry of Default Judgment Against Defendants Kelly Skarl, Lake 2 Lake Transport, and/or Rebeca Skarl and Counter-Motion to Set-Aside Defaults." (ECF No. 13.)  Graham's response brief not only included a motion to set aside the defaults against the other co-defendants, but also a motion for this Court to decline to exercise jurisdiction of the instant declaratory action.[1]

## MOTION FOR DEFAULT JUDGMENT & MOTION TO SET ASIDE DEFAULTS

State Farm Casualty, through its default judgment motion, seeks not only an entry of default judgment against Defendants Kelly Skarl, Lake 2 Lake Transport, and Rebecca Skarl, but also a declaration that these co-defendants may not challenge the findings of this Court as to whether State Farm Casualty has a duty to defend and/or indemnify them in the state court.  (ECF No. 11 at Pg. ID 239-40.) The determination of this question is of great interest to Graham, who is litigating in state court against the other co-defendants in the instant federal action.

Notably, the facts of this case parallel those in *Allstate Ins. Co. v. Hayes*, 499 N.W.2d 743, 743-44 (Mich. 1993).  As summarized by the Michigan Supreme Court:

---

[1] The Court reminds Graham that "a response or reply to a motion must not be combined with a counter-motion."  ECF Pol. & Pro. R. 5(e).

> In an action for declaratory judgment brought by an insurer against the insured and the injured party, the question presented is whether a default judgment entered against the insured deprives the trial court of its power to declare the rights and liabilities of the parties remaining before it.  We hold that it does not.  We also hold that the default judgment entered against the insured does not bind the injured party.  Because the court had the authority to declare the parties' rights even after the default of the insured, William Keillor was entitled to contest Allstate's request for a declaration of no coverage. . . .  The precise issue is whether Keillor, as a joined defendant, has standing in a declaratory action instituted by the insurer to pursue the action to a final determination of policy coverage. . . .  While the Court of Appeals correctly concluded that Keillor was not a third-party beneficiary, it erred in concluding that third-party-beneficiary status was necessary to allow Keillor to "continue to pursue the action" for a declaration of coverage.  The nature of the procedural remedy is to declare interests not yet vested.  Thus, the fact that the injured party is not a third-party beneficiary of the insurance contract is not determinative of his "standing" to continue the action for a declaration of his rights as a conceded real party in interest.

*Id.* at 743-44, 746.

Here, since the Court has the authority to "declare the rights and other legal relations of an interested party seeking a declaratory judgment in a case of actual controversy"—just as in *Allstate*—once State Farm Casualty named Graham as a defendant in its declaratory action, "the court possessed the power to declare the rights of any interested party before it."  *Id.* at 745.  "This power [is] not destroyed by virtue of the default judgment entered against the insured.  Although the [C]ourt [may] [] refuse[] to declare the rights of the remaining parties, leaving [Graham] to

4

pursue the underlying tort action and, if successful, a garnishment action against [State Farm Casualty], it was within its discretion to allow the action to continue and declare the rights of the parties remaining before it." *Id.*

Graham has moved to set aside the defaults entered against the other co-defendants in this federal action.  Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for "good cause."  In determining if "good cause" exists, courts consider whether:  (1) the plaintiff will be prejudiced if the default is set aside; (2) the defendant has a meritorious defense; and (3) culpable conduct of the defendant led to the default.  *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (citing *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).  Courts employ a "lenient standard" in evaluating a request to set aside a default that has not yet reached judgment.  *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986).  Federal courts favor trials on the merits; therefore, "any doubt should be resolved in favor of the petition to set aside the judgment." *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983) (quoting *Tozer v. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951)).

Having considered the relevant factors in determining whether to grant State Farm Casualty's Motion for Default Judgment or grant Graham's Motion to Set Aside the Defaults, the Court finds that State Farm Casualty has sufficiently

demonstrated that Defendants Kelly Skarl, Lake 2 Lake Transport, and Rebecca Skarl have failed to answer or defend against the present action and the Court is not persuaded that "good cause" exists to set aside the defaults against them. Therefore, a default judgment will be entered against Defendants Kelly Skarl, Lake 2 Lake Transport, and Rebecca Skarl.

State Farm Casualty also requests specific declaratory relief.  The Court will grant this relief, but emphasizes that a default judgment against Defendants Kelly Skarl, Lake 2 Lake Transport, and Rebecca Skarl is only a recognition that they "[cannot] contest the allegation that the insurer is not contractually bound to indemnify him." *Allstate*, 499 N.W.2d at 751.  However, *[i]t is not an admission that there is no coverage in respect to an interested party*."  *Id.* (emphasis added). The instant order makes no such determination and, to the extent that this order is interpreted to go beyond the limited purpose outlined herein, it is void.  *See id.* ("[W]e hold that once Allstate pleaded and proved that an actual controversy existed between itself and [the injured], the trial court possessed the power to make a declaration regarding the coverage provided by Allstate's policy.  The court's authority to declare the rights of a named interested party was not eliminated by the entry of the default judgment against the insured.").

For the foregoing reasons, the Court will grant State Farm Casualty's Motion for Default Judgment and deny Graham's Motion to Set Aside Defaults.

6

## MOTION TO DECLINE EXERCISE OF JURISDICTION

The exercise of jurisdiction under 28 U.S.C. § 2201(a) is not mandatory, *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942), and at times the better exercise of discretion favors abstention, *see Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004). In declaratory judgment actions seeking an opinion on insurance coverage impacting litigation pending in another court, declining jurisdiction is a reasonable option because "[s]uch actions . . . should normally be filed, if at all, in the court that has jurisdiction over the litigation giving rise to the indemnity problem." *Bituminous Cas.*, 373 F.3d at 812 (quoting *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.*, 791 F.2d 460, 463 (6th Cir. 1986)).

Indeed, the Sixth Circuit has "repeatedly held in insurance coverage diversity cases that 'declaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court.'" *Bituminous Cas.*, 373 F.3d at 812 (quoting *Manley*, 791 F.2d at 463); *see also AM South Bank v. Dale*, 386 F.3d 763, 786 (6th Cir. 2004) (citing 10B Wright, Miller & Mary Kay Kane § 2765 at 638 (3d ed. 1998) ("[I]t is not one of the purposes of the declaratory judgments act to enable a prospective negligence action defendant to obtain a declaration of nonliability.")).

However, "[t]hat is not to say that there is a *per se* rule against exercising

jurisdiction in actions involving insurance coverage questions." *Bituminous Cas.*,

373 F.3d at 812-13 (citation omitted).  Instead, the Sixth Circuit has articulated

several factors to be considered by a district court faced with a complaint seeking

relief under § 2201(a):

> (1) whether the declaratory action would settle the controversy;
>
> (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
>
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
>
> (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction;[2] and
>
> (5) whether there is an alternative remedy which is better or more effective.

*Travelers Indem. Co.*, 495 F.3d at 271 (internal quotation marks omitted) (quoting

*Grand Trunk W. R.R. Co. v. Consol. Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984)

---

[2] There are "three [] factors that bear on whether a declaratory action would increase friction between federal and state courts:  (1) whether the underlying factual issues are important to an informed resolution of the case; (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common law or statutory law dictates a resolution of the declaratory judgment action." *Travelers Indem. Co. v. Bowling Green Prof'l Assocs., PLC*, 495 F.3d 266, 271 (6th Cir. 2007) (internal quotation marks omitted) (quoting *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000)).

and citing *Roumph*, 211 F.3d at 967).  Essentially, "the *Grand Trunk* factors . . . direct the district court to consider three things:  efficiency, fairness, and federalism." *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 759 (6th Cir. 2014).  The Sixth Circuit has "never assigned weights" to these factors because they are "not . . . always equal." *Id.*  "The essential question is always whether a district court has taken a good look at the issue and engaged in a reasoned analysis of whether issuing a declaration would be useful and fair." *Id.* (citing *Sherwin–Williams Co. v. Holmes Cty.*, 343 F.3d 383, 390 (5th Cir.2003)).

### (A) Factor One:  Settlement of the Controversy

"Two lines of precedent seem to have developed in [Sixth Circuit] jurisprudence regarding consideration of this first factor in the context of an insurance company's suit to determine its policy liability." *Mass. Bay Ins. Co. v. Christian Funeral Dirs., Inc*., 759 F. App'x 431, 435 (6th Cir. 2018) (quoting *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 555 (6th Cir. 2008)).  "One line of cases focuses on whether the declaratory judgment action will settle the coverage controversy regardless [of] whether it will settle the underlying state-court action." *Id.* (citing cases).  "The other line of cases reasons that while such declaratory actions might clarify the legal relationship between the insurer and the insured, they do not settle the ultimate controversy between the parties which is ongoing in state court." *Id.* (internal quotations marks omitted) (citing cases).

9

State Farm Casualty concedes that "a decision in this litigation will not end the dispute between [] Graham and [Kelly] Skarl/Lake 2 Lake" in state court (ECF No. 16 at Pg. ID 364), but the Sixth Circuit's "most recent decisions have held that district courts d[o] not abuse their discretion in concluding that a declaratory judgment would settle the controversy by resolving the issue of indemnity," *United Specialty Ins. Co. v. Cole's Place, Inc*., 936 F.3d 386, 397 (6th Cir. 2019) (citing *Mass. Bay*, 759 F. App'x at 437-38; *Hoey*, 773 F.3d at 760-61; *Flowers*, 513 F.3d at 556). This is the case here. State Farm Casualty and Defendants are not currently litigating the issue of insurance coverage in state court and a declaratory judgment resolves the issue. *See id*. Moreover, as will be discussed further below, no question of fact or state law relevant to the coverage issue is being litigated in state court and the parties give the Court no reason to conclude that the application of Michigan contract interpretation law to the coverage issue will be anything but straightforward. "In these circumstances, efficiency considerations favor the exercise of federal jurisdiction, and fairness and federalism concerns do not counsel against it." *Id.* (citing *Hoey*, 773 F.3d at 759).

### (B) Factor Two: Clarification of the Legal Relations at Issue

State Farm Casualty contends that a declaratory judgment will clarify "the only issue before this Court": "whether or not State Farm [Casualty] has a duty under any of the four policies . . . to defend and/or to indemnify [Kelly] Skarl

and/or Lake 2 Lake against the allegations brought against them by [] Graham in the Wayne County Circuit Court litigation."  (ECF No. 16 at Pg. ID 363-64.) "[A]s with the jurisprudence concerning the first factor, a split has developed in [Sixth Circuit] precedent concerning whether the district court's decision must only clarify the legal relations presented in the declaratory judgment action or whether it must also clarify the legal relations in the underlying state action." *Mass. Bay*, 759 F. App'x at 438 (quoting *Flowers*, 513 F.3d at 557).  The Sixth Circuit has further explained:

> In general, courts tend to consider this factor with the first factor, reaching the same conclusion for both.  *Compare, e.g., Bituminous*, 373 F.3d at 814 ("Like the first factor, although a declaratory judgment would clarify the legal relationship between Bituminous and J & L pursuant to the insurance contracts, the judgment would not clarify the legal relationship between Shields and J & L in the underlying state action."), *with Northland*, 327 F.3d at 454 ("[W]hile the declaratory judgment would not end the dispute between Cailu and Stewart, it would settle the controversy regarding the scope of insurance coverage issued by Northland to Cailu, and whether Northland had a duty to defend the insureds.  [A] prompt declaration of policy coverage would surely serve a useful purpose in clarifying the legal relations at issue." (second alteration in original) (internal quotation marks and citation omitted)).  Some cases, however, have treated this factor as distinct from the first factor, reasoning that the first factor examines whether the declaratory action will resolve the coverage dispute as well as the underlying action, whereas this factor is focused just on the insurance-coverage dispute.  *See Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 279 (6th Cir. 1990).

*Id.*  Here, the only legal relationship presented to the Court is whether the four policies issued by State Farm Casualty will cover actions of the insured.  A declaratory judgment on insurance coverage clarifies this relation, therefore pointing in favor of the Court exercising jurisdiction.  *Id.* (finding district court properly exercised its discretion in exercising jurisdiction for the same reasons).

"Furthermore, an important consideration under the first two factors is whether the declaratory judgment would be res judicata in a parallel state-court proceeding."  *Byler v. Air Methods Corp.*, 823 F. App'x 356, 366 (6th Cir. 2020).  In *Bituminous*, "for instance, declaratory jurisdiction was not warranted because the plaintiff in the parallel state-court litigation was not a party to the federal declaratory action and thus 'any judgment in the federal court would not be binding as to him and could not be res judicata in the tort action.'"  *Id*.  In contrast, here, the plaintiff in the state court proceeding at bar is a party to the instant federal litigation, thereby giving preclusive effect to a federal-court declaratory judgment.

For these reasons, the second factor weighs in favor of exercising jurisdiction.

### (C) Factor Three:  Procedural Fencing

"The third factor is meant to preclude jurisdiction for 'declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a "natural plaintiff" and who seem to have done so for the purpose of acquiring a favorable forum.'"  *Mass. Bay*, 759 F. App'x at 438 (quoting *Flowers*, 513 F.3d at 558). The

Sixth Circuit has expressed "reluctan[ce] to impute an improper motive to a plaintiff where there is no evidence of such in the record." *Id*. (quoting *Flowers*, 513 F.3d at 558).

Here, the record does not suggest that State Farm Casualty had any improper motive or engaged in any unfair tactics. "Filing a declaratory judgment action in a forum separate from the underlying litigation is not considered improper by itself," *id*. at 439 (quoting *Flowers*, 513 F.3d at 558), and State Farm Casualty waited nearly one year after Graham filed his state court action to file the instant federal action.

Graham argues that this action is being used for procedural fencing because "[State Farm Casualty] specifically left out one policy in this declaratory action but seek[s] an order that states 'Lake 2 Lake Transport, Inc., Kelly Skarl and Rebecca Skarl are precluded from challenging the findings of this Court as to whether State Farm [Casualty] has a duty to defend and/or indemnify Lake 2 Lake Transport, Inc. or Kelly Skarl (and Rebecca Skarl if she is added as a party) in the litigation filed against them by Co-Defendant William Graham.'" (ECF No. 13 at Pg. ID 258.) According to Graham, "[State Farm Casualty's] request for a declaration specifically fails to mention which policies are at issue in this action" and, if the Court grants the relief sought, State Farm Casualty would use the order to "relieve [itself] of any obligations in the [s]tate [c]ourt action . . . . even though Plaintiff has

at least one policy that applies in the [s]tate [c]ourt action." (*Id.*)  But Graham

agrees that there are only five policies at issue in state court:  a businessowner's

policy, two homeowner's policies, and a personal liability umbrella policy—all

issued by State Farm Casualty—as well as an automobile policy, issued by State

Farm Automobile, which Graham does not dispute is a wholly separate entity.

(*See* State Court Compl., ECF No. 13-3 at Pg. ID 282; Pl.'s Resp., ECF No. 16 at

Pg. ID 356; Def.'s Supp. Br., No. 18 at Pg. ID 469; Pl.'s Mot., ECF No. 13 at Pg.

ID 252-53.)  The Court is not persuaded by Graham's argument as to this factor

because, in the Complaint, State Farm Casualty listed the four policies issued by it

(*see* ECF No. 1 at Pg. ID 2-3, ¶¶ 9-11) and Graham does not identify any other

policy that was issued by State Farm Casualty that is also relevant to the state court

proceeding.  Moreover, Graham provides no evidence suggesting that the outcome

of this declaratory action would impact the Co-Defendants' rights as to the

automobile policy issued by State Farm Automobile.

Because there is no evidence of procedural fencing, the third factor supports

accepting jurisdiction, though the Court gives this factor little weight.  *Mass.* Bay,

759 F. App'x at 439 (citing *Travelers*, 495 F.3d at 272) (affirming district court's

conclusion that third factor supported accepting jurisdiction where there was no

evidence of procedural fencing and apparent decision to give factor "little

weight"); *see Travelers*, 495 F.3d at 272 ("With respect to the third factor, the

district court determined correctly that no facts demonstrate that the declaratory

judgment action by Travelers was an attempt at 'procedural fencing' or exude the

appearance of a 'race' to judgment.  Although no improper motive prompted this

action, this factor is neutral.").

### (D) Factor Four:  Increased Friction Between Federal and State Courts

State Farm Casualty contests the notion that the use of this declaratory

action would increase friction between federal and state courts and improperly

encroach on state jurisdiction.  As noted above, to analyze this factor, the Court

must consider the following subfactors:

> (1) whether the underlying factual issues are important to
> an informed resolution of the case; (2) whether the state
> trial court is in a better position to evaluate those factual
> issues than is the federal court; and (3) whether there is a
> close nexus between the underlying factual and legal
> issues and state law and/or public policy, or whether
> federal common law or statutory law dictates a resolution
> of the declaratory judgment action.

*Travelers*, 495 F.3d at 271 (internal quotation marks omitted) (quoting *Roumph*,

211 F.3d at 968).

As to the first subfactor, Defendant conceded in his counter-motion that

there are no "factual issues that will need to be resolved by this Court and the state

court."  (ECF No. 13 at Pg. ID 259.)  However, Defendant reversed course in his

Supplemental Answer to Plaintiff's Motion for Default Judgment, arguing that

three questions of fact exist:  (i) when a load is "accepted" such that the

15

businessowner's policy exclusion for "bodily injury" arising out of "the handling of property [a]fter it is moved from the place where it is *accepted* for movement into or onto an . . . auto"[3] is triggered (ECF No. 1 at Pg. ID 12-13 (internal quotation marks omitted) (emphasis added); *see also* ECF No. 18 at Pg. ID 472); (ii) what constitutes a "professional service" such that the four policies' exclusion for "bodily injury" arising out of "the rendering or failure to render any *professional service* or treatment" is triggered (ECF No. 1 at Pg. ID 17 (emphasis added); *see also* ECF No. 18 at Pg. ID 472); and (iii) whether Kelly Skarl violated his alleged "duty to secure and inspect his load before acceptance of the load" (ECF No. 18 at Pg. ID 472).

While it is true that the Sixth Circuit has "held that the existence of unresolved factual issues counsel[] against the exercise of jurisdiction," *Cole's Place, Inc*., 936 F.3d at 400 (citing *Travelers*, 495 F.3d at 273), the first two aforementioned issues are matters of contract interpretation and, thus, are questions of law, *see JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 583 (6th Cir. 2007) ("The proper interpretation of a contract is a question of law."). And notably, the parties do not suggest that the application of Michigan contract interpretation law to the coverage issue at bar will be particularly complex. The

---

[3] Per the policy, this is the definition of "loading or unloading." (ECF No. 1 at Pg. ID 12-13.)

16

third issue is a question of fact, but it is not one relevant to making the coverage determination.  Even if Kelly Skarl did not satisfy his duty to inspect the load before acceptance, the fact remains that, under the businessowner's policy, State Farm Casualty need not indemnify an insured for bodily injury arising out of loading and unloading an auto and, under all four policies, State Farm Casualty need not indemnify an ensured for bodily injury arising out of the rendering or failure to render professional service.  If Kelly Skarl did satisfy his duty to inspect the load before acceptance, the applicability of the exclusions remains unchanged. *See Cole's Place*, 936 F.3d at 400 ("[T]he policy expressly excludes coverage of litigation arising from an alleged battery, so we need not determine whether facts constituting a battery have been or will be proven.")  Because "there are no factual issues remaining in the state court litigation . . . that are 'important to an informed resolution' of this case," "*Grand Trunk* factor four, subfactor one, weighs in favor of exercising jurisdiction here." *Id.* (quoting *Flowers*, 513 F.3d at 560-61).

Regarding the second subfactor—"whether the state trial court is in a better position to evaluate those factual issues than is the federal court"—the Court reiterates that "there are [] no unresolved factual issues relevant to the coverage question pending in the state-court action." *See id.* at 401.  Accordingly, this subfactor is neutral. *Id.*

17

The third subfactor—"whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common law or statutory law dictates a resolution of the declaratory judgment action"—cuts against exercising jurisdiction because "[n]o federal-law questions are involved in the coverage issue." *Id.* "Furthermore, even in cases where state law has not been difficult to apply, [the Sixth Circuit] has usually found that the interpretation of insurance contracts is closely entwined with state public policy." *Id.*

In sum, the first subfactor of the fourth *Grand Trunk* factor weighs in favor of jurisdiction; the second is neutral; and the last subfactor cuts against it. Overall, therefore, this factor is neutral. *See id.*

### (E) Factor Five:  Availability of Alternative Remedy

The fifth factor asks "whether there is an alternative remedy which is better or more effective" than federal declaratory relief. *Grand Trunk*, 746 F.2d at 326. State Farm Casualty argues that there is no alternative remedy that is better or more effective than pursuing a declaratory judgment in this Court because, "if the coverage case is forced to be tried in the [s]tate [c]ourt, it would likely be joined to the underlying litigation, which 'would make the matter even more complicated and increase the potential for confounding the distinct and separate legal issues between the tort action and the declaratory action.'" (ECF No. 16 at Pg. ID 374

(quoting *State Farm Fire & Cas. Co. v. Stone*, 2017 WL 3017538, at *4 (E.D.

Mich. 2017)).)  State Farm Casualty points to nothing that convinces the Court that

the state court would find the process of resolving the coverage issue complicated

or confounding.

Graham contends that the Court should dismiss the present action and allow

State Farm Casualty to file for relief in state court because the state court action is

"still on-going" and the judge in that case "is well informed of the facts of this

matter and [is] able to determine when policies apply and don't apply."  (ECF No.

13 at Pg. ID 260.)

Similar to the other factors in this analysis, case law as to this factor is

somewhat inconsistent within the Sixth Circuit.  *Compare, e.g., Mass. Bay*, 759 F.

App'x at 441 (finding district court did not abuse its discretion when concluding

fifth factor weighed against exercising jurisdiction where the plaintiff "could have

just as easily filed a comparable suit in state court" because "Tennessee courts are

in a superior position to resolve questions of state law, including any that may arise

that may be unsettled, and the Tennessee courts might also have been able to

combine the two actions so that all issues could be resolved by the same judge,"

thus "[t]here is no reason to suppose that the alternate remedies available in state

court would not adequately protect [the plaintiff's] interests"), *with Byler v. Air*

*Methods Corp.*, 823 F. App'x 356, 367 (6th Cir. 2020) (finding that the fifth factor

19

"does not cut against exercise of jurisdiction" where "[a]nother option would be for plaintiffs to bring a declaratory judgment action in state court" because, "[w]hile this would likely entail similar advantages as a federal declaratory action, it is not clear that the state-law remedy would be superior").

In this case, because it is not clear that filing a declaratory judgment action in state court constitutes an alternative remedy that is "'better or more effective' than federal declaratory relief," the Court finds that this factor does not cut against exercise of jurisdiction. *See Byler*, 823 F. App'x at 367.

## CONCLUSION

For the foregoing reasons, the Court finds that no "good cause" exists to set aside the defaults. In addition, a balancing of the *Grand Truck* factors supports the Court's exercise of jurisdiction over Plaintiffs' request for declaratory relief.

Accordingly,

**IT IS ORDERED** that Co-Defendant Graham's Motion to Set Aside Defaults is **DENIED**.

**IT IS FURTHER ORDERED** that Co-Defendant Graham's Motion to Decline Exercise of Jurisdiction is **DENIED**.

**IT IS FURTHER ORDERED** that State Farm Casualty's Motion for Entry of Default Judgment Against Defendants Kelly Skarl, Lake 2 Lake Transport, Inc., and Rebecca Skarl (ECF No. 11) is **GRANTED**. A default judgment shall be

entered against the aforementioned co-defendants.  To be clear, however, the

default judgment entered against the insured co-defendants does not bind the

injured co-defendant, Graham.  Because the court has the authority to declare the

parties' rights even after the default of the insured, Graham is entitled to contest

State Farm Casualty's request for a declaration regarding its duty to defend and/or

indemnify the other co-defendants per the insurance policies.

     **IT IS SO ORDERED**.

s/ Linda V. Parker_____
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: March 31, 2021